UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Refaat Abul Hosn | Case No. 20-13442 |
| Plaintiff, | Matthew F. Leitman |
| v. | United States District Judge |
| Fly Baghdad Airline, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR RECONSIDERATION AS TO THE NOTICE OF DENIAL OF REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT (ECF No. 26)**

Plaintiff Refaat Abul Hosn filed this case, without the assistance of counsel, on December 23, 2020. (ECF No. 1). Plaintiff subsequently filed an amended complaint (ECF No. 7) on February 3, 2021 following the Court's issuance of an Order to Show Cause or File an Amended Complaint on January 15, 2021 (ECF No. 5).[1] This case has been referred to the undersigned for all pretrial matters. (ECF No. 11).

On March 2 and March 16, 2021, Plaintiff filed two separate proofs of service, attaching documentation, indicating Defendant was served with the Summons and Complaint on February 28, 2021 and March 1, 2021 by United

---

[1] The January 15, 2021 Order to Show Cause was vacated on February 18, 2021. (ECF No. 8).

States Postal Service and on March 15, 2021 by DHL. (ECF Nos. 13 and 14). On May 10, 2021, Plaintiff filed a Motion for Entry of Default requesting the Court enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) as more than 30 days from the date of service of Plaintiff's Summons and Complaint upon Defendant had elapsed and Defendant had not filed a responsive pleading. (ECF No. 15). On May 11, 2021, Plaintiff submitted a request for entry of default to the Clerk of Court at the United States District Court for the Eastern District of Michigan. (ECF No. 21). The Clerk's Office entered an Entry of Default against Defendant on the same day. (ECF No. 22).

On June 2, 2021, Plaintiff filed a "Motion for Consider"[2] requesting the Court reconsider the May 14, 2021 Order Terminating as Moot Plaintiff's Motion for Entry of Default[3] and May 18, 2021 Notice of Denial of Request for Clerk Entry of Default Judgment.

As explained in *Encana Oil & Gas v. Zaremba Family Farms, Inc.*, 2016 WL 7543187, at *2 (W.D. Mich. Apr. 15, 2016), parties aggrieved by an order that is not final and appealable may file a motion for reconsideration. Indeed, the *Encana* decision points to Sixth Circuit authority holding that "'[d]istrict courts

---

[2] Based on the substance of the filing, this motion appears to be a motion for reconsideration and the Court will treat it as such in the instant Report & Recommendation.

[3] Plaintiff's motion for reconsideration as to the Court's May 14, 2021 order has been addressed in a prior order.

2

have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment.'" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943))). A party seeking reconsideration of an interlocutory order must show (1) an intervening change in the controlling law, (2) new evidence previously not available, or (3) a need to correct error to prevent manifest injustice. *Encana*, 2016 WL 7543187 at *2 (citing *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). The decision to grant or deny a motion for reconsideration of an interlocutory order falls within the discretion of the district court. *Rodriguez*, 89 F. App'x at 952 (citing *Moses H. Cone Me'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

As observed in *Diebel v. L&H Resources*, 2010 WL 2740081, at *1 (E.D. Mich. 2010), the requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and

3

>other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

On May 18, 2021, Plaintiff filed a Request for Clerk's Entry of Default Judgment that comprised of a one–page affidavit outlining the moneys allegedly owed Plaintiff under the contract at issue and a request for punitive damages. (ECF No. 24, PageID.123). The Clerk of the Court denied Plaintiff's request and issued a notice stating an entry of default judgment would not be entered as:

>The sum certain **must contain an amount that can be made certain by computation**. An exhibit should be attached to the complaint that contains the sum certain entitled to the plaintiff. This can be a contract, promissory note, written agreement, payment plan, invoice, etc. Furthermore, the **Clerk cannot issue a default judgment that requests punitive damages**.

(ECF No. 25) (emphasis added).

A default judgment is appropriate in instances when a plaintiff's claim is for a sum certain—or a sum that may be made certain—and the defendant is neither incompetent nor a minor. Fed. R. Civ. P. 55(b)(1). A plaintiff must "establish that the damages requested are such that may be computed to a sum certain and [ ] present an affidavit computing [said] damages." *Petronykoriak v. Equifax Info.*

4

*Servs. LLC*, 2019 WL 6912756, at *1 (E.D. Mich. Dec. 19, 2019) (citing *Meyer v. City of Cincinnati*, 1991 WL 165584, at *3 (6th Cir. Aug. 27, 1991)). Black's Law Dictionary defines sum certain as "[a]ny amount that is fixed, settled, or exact." Black's Law Dictionary (11th ed. 2019). In instances where a plaintiff's claim is not for a sum certain, "the Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter." Fed. R. Civ. P. 55(b)(1); *see Petronykoriak*, 2019 WL 6912756 at *1. Determining whether to grant default judgment lies within the sound discretion of the district court. *See Petronykoriak*, 2019 WL 6912756 at *1 (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

    Plaintiff's motion for reconsideration does not contain any argument or explanation as to why his Request for Clerk Entry of Default Judgment should be reconsidered. Instead he merely contends, using conclusory language, the sum can be made certain by computation and cites to alleged communications involving the parties regarding the contract at issue and copies of the purported Non-Disclosure & Non-Circumvention agreement attached to his complaint. (ECF No. 26, PageID.143-54, 168-71, 175-76, 190-91). Further, Plaintiff reasserts he is entitled to punitive damages in the amount of $6,500,000 as the "defendants [sic] repeatedly refrained from paying the plaintiff his rightful commission as stipulated in both NDNC agreements, the fact which represents a deliberate and willful

malicious action against the plaintiff's rights" but includes nothing more to support this contention. (ECF No.26, PageID.138-39). Based on the undersigned's review of the pleadings, none of the exhibits proffered by Plaintiff contain the necessary information for the Clerk to compute the sum certain in relation to the alleged commission entitlements due to Plaintiff.

The information contained in the documents attached to Plaintiff's motion for reconsideration discuss Plaintiff's alleged retention by Defendant to identify and assist in the purchase of aircrafts; however none of the documents show that such purchase ever occurred and if so at what price. The only document, aside from Plaintiff's amended complaint, which contains a "purchase price" appears to be a letter written by Plaintiff and addressed to Mr. Ali Al Hamdany esq., CEO of Fly Baghdad. (ECF No. 26, PageID.145-46, 147-49, 175-76). Two versions of which are unsigned. (S*ee id.* at PageID.145-46, 175-76). Plaintiff failed to attach an invoice, title, sales contract, bill of sale or any other form of documentation displaying a confirmation of purchase or more importantly the price at which the aircrafts, if any, were purchased by Defendant. "The evidentiary support for Plaintiff's claim is simply too thin for the Court to agree that the requested amount is truly a sum certain at this time." *Iron Workers Loc. No. 25 Pension Fund v. Acro Metals, Inc.*, 2007 WL 1500302, at *2 (E.D. Mich. May 23, 2007.) (striking the clerk's entry of judgment of default against defendant as the evidentiary

6

support proffered by plaintiff was insufficient).

Further, the total relief requested by Plaintiff is not certain as a portion is based on his claim for punitive damages. (ECF No. 24, PageID.123; ECF 26, PageID.127). The amount of punitive damages[4] Plaintiff is entitled to, if any, "is not settled, determined, or capable of calculation from the pleadings" as punitive damages may only be determined by the trier of fact. *See Tindall v. One 1973 Ford Mustang*, 2006 WL 1329168, at *4 (E.D. Mich. May 16, 2006); *see Riola v. Long Island Cycle & Marine, Inc.*, 2004 WL 5392605, at *2 (E.D.N.Y. Aug. 10, 2004) ("The determination of whether to award punitive damages lies in the discretion of the trier of fact."). Thus, the total damages sought by Plaintiff in his request was not for a sum certain. *See Tindall*, 2006 WL 1329168 at *4. Plaintiff's inclusion of a request for punitive damages created a procedural barrier which alone prohibited the clerk from granting Plaintiff's request for default judgment under Federal Rule of Civil Produce 55(b)(1).

Based on the absence of supporting documentation in the request for default judgment and the improper inclusion of a request for punitive damages, the undersigned **RECOMMENDS** Plaintiff's motion for reconsideration be **DENIED**

---

[4] It is worth noting punitive damages are not available in all jurisdictions. For example, "Michigan law does not provide for punitive damages, regardless of the defendant's conduct." *Stryker Corp. v. Ridgeway*, 2016 WL 6584657, at *2 (E.D. Mich. Jan. 25, 2016); *see also Davis v. Ivy*, 2013 WL 5902035, at *3 (E.D. Mich. Oct. 13, 2013).

as to the Notice of Denial of Request for Clerk's Entry of Default Judgment.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: September 28, 2021             s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2021, by electronic means and/or ordinary mail.

                               s/Kristen MacKay
                               Case Manager
                               (810) 341-7850