UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Refaat Abul Hosn                                    Case No. 20-13442

          Plaintiff,                           Matthew F. Leitman
v.                                                  United States District Judge

Fly Baghdad Airline,                                Curtis Ivy, Jr.
                                                    United States Magistrate Judge
          Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION AS TO THE
COURT'S MAY 14, 2021 ORDER TERMINATING PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT AS MOOT (ECF No. 26)**

      Plaintiff Refaat Abul Hosn filed this case, without the assistance of counsel,

on December 23, 2020.  (ECF No. 1).  Plaintiff subsequently filed an amended

complaint (ECF No. 7) on February 3, 2021 following the Court's issuance of an

Order to Show Cause or File an Amended Complaint on January 15, 2021 (ECF

No. 5).[1]  This case has been referred to the undersigned for all pretrial matters.

(ECF No. 11).

      On March 2 and March 16, 2021, Plaintiff filed two separate proofs of

service, attaching documentation, indicating Defendant was served with the

Summons and Complaint on February 28, 2021 and March 1, 2021 by United

---

[1] The January 15, 2021 Order to Show Cause was vacated on February 18, 2021.  (ECF
No. 8).

States Postal Service and on March 15, 2021 by DHL.  (ECF Nos. 13 and 14).  On

May 10, 2021, Plaintiff filed a Motion for Entry of Default requesting the Court

enter a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a)

as more than 30 days from the date of service of Plaintiff's Summons and

Complaint upon Defendant had elapsed and Defendant had not filed a responsive

pleading.  (ECF No. 15).  On May 11, 2021, Plaintiff submitted a request for entry

of default to the Clerk of Court at the United States District Court for the Eastern

District of Michigan.  (ECF No. 21).  The Clerk's Office entered an Entry of

Default against Defendant on the same day.  (ECF No. 22).

On June 2, 2021, Plaintiff filed a "Motion for Consider" [2] requesting the

Court reconsider the May 14, 2021 Order Terminating as Moot Plaintiff's Motion

for Entry of Default and May 18, 2021 Notice of Denial of Request for Clerk Entry

of Default Judgment. [3]

As explained in *Encana Oil & Gas v. Zaremba Family Farms, Inc.*, 2016

WL 7543187, at *2 (W.D. Mich. Apr. 15, 2016), parties aggrieved by an order that

is not final and appealable may file a motion for reconsideration.  Indeed, the

*Encana* decision points to Sixth Circuit authority holding that "'[d]istrict courts

---

[2] Based on the substance of the filing, this motion appears to be a motion for reconsideration and the Court will treat it as such in the instant Order.

[3] Plaintiff's motion for reconsideration as to the Notice of Denial of Request for Clerk Entry of Default Judgment involves a dispositive issue and as such will be addressed in a separate Report and Recommendation to be issued by the undersigned.

2

have inherent power to reconsider interlocutory orders and reopen any part of a

case before entry of final judgment.'"  *In re Saffady*, 524 F.3d 799, 803 (6th Cir.

2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing

*Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943))).  A party

seeking reconsideration of an interlocutory order must show (1) an intervening

change in the controlling law, (2) new evidence previously not available, or (3) a

need to correct error to prevent manifest injustice.  *Encana*, 2016 WL 7543187 at

*2  (citing *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381,

389 (6th Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health & Welfare

Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)).  The decision to grant or deny a

motion for reconsideration of an interlocutory order falls within the discretion of

the district court.  *Rodriguez*, 89 F. App'x at 952 (citing *Moses H. Cone Me'l

Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

As observed in *Diebel v. L&H Resources*, 2010 WL 2740081, at *1 (E.D.

Mich. 2010), the requirements for the granting of motions for reconsideration in

this Court are further set forth in Local Rule 7.1(h), which provides in relevant

part:

> Generally, and without restricting the court's discretion,
> the court will not grant motions for rehearing or
> reconsideration that merely present the same issues ruled
> upon by the court, either expressly or by reasonable
> implication.  The movant must not only demonstrate a
> palpable defect by which the court and the parties and

3

> other persons entitled to be heard on the motion have
> been misled but also show that correcting the defect will
> result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3).  A "palpable defect" is "a defect that is obvious,

clear, unmistakable, manifest, or plain." *United States v. Lockette*, 328 F. Supp. 2d

682, 684 (E.D. Mich. 2004).

Plaintiff requests that the Court reconsider the ruling rendered in its May 14,

2021 Order terminating Plaintiff's Motion for Entry of Default as moot.  Plaintiff

includes no explanation, argument, or case law to explain why the Court should

reconsider its May 14, 2021 Order and thus has not shown that an intervening

change in the controlling law has occurred or that new evidence has come about

that was not previously available. *Encana*, 2016 WL 7543187 at *2.  Therefore,

Plaintiff must show there is a need to correct an error in the Court's May 14, 2021

Order to prevent manifest injustice. *See id.*  As explained below, Plaintiff has

failed to do so.

Pursuant to Federal Rule of Civil Procedure 55(a) and Michigan Local Rule

55.1, a request must be submitted to the Clerk's Office seeking an entry of default

in a matter.  Thus, a motion is not the appropriate vehicle to obtain an entry of

default.[4]  In light of this, under the plain language of the federal and local rule it

---

[4] It is exhibited by Plaintiff's subsequent action of filing a Request for Clerk's Entry of Default on May 11, 2021 that he recognized his May 10, 2021 motion was the incorrect document to file; yet elected not to withdraw his motion.

would have been appropriate for the Court to strike Plaintiff's Motion for Entry of Default. However, in lieu of striking Plaintiff's Motion for Entry of Default, the Court terminated the motion as moot in light of the Clerk's May 11, 2021 Entry of Default against Defendant. (ECF No. 23). The Court explained in its order that the motion was being terminated as moot as it was no longer necessary to issue a ruling since Plaintiff ultimately received the relief sought. (ECF No. 23). Finally, as explained above an entry of default must be obtained from the clerk of the court and filing a motion seeking such relief is improper. As such, there was no palpable defect in the Court's May 14, 2021 Order vacating Plaintiff's motion.

In sum, Plaintiff has failed to meet the standard for granting a motion for reconsideration. Plaintiff's motion for reconsideration is **DENIED** as to the Court's May 14, 2021 Order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge

or a district judge.  E.D. Mich. Local Rule 72.2.

Date: September 28, 2021              s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 28, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850