UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT ABUL HOSN,

        Plaintiff,

v.

FLY BAGHDAD AIRLINE,

        Defendant.
_____/

Case No. 20-13442

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

## ORDER REGARDING ORDER TO SHOW (ECF No. 30) and DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION (ECF No. 32)

A.    Order to Show Cause (ECF No. 30)

Plaintiff Rafaat Abul Hosn filed this case, without the assistance of counsel, on December 23, 2020. (ECF No. 1). Plaintiff has obtained a Clerk's entry of default against the defendant. (ECF No. 22). The Clerk's Office denied Plaintiff's request for entry of default judgment because Plaintiff did not adequately establish entitlement to a sum certain. (ECF No. 25). Plaintiff then filed a motion for default judgment. (ECF No. 27). Upon review of the certificates of service, the Court could not adequately determine whether Plaintiff effected proper service of process on the defendant—a prerequisite to default judgment. *See Lloyd v. YRC Freight-Cinti*, 2013 WL 3927306 (S.D. Ohio July 29, 2013). Thus, the Court entered an Order requiring Plaintiff to explain how his methods of service of

process were proper and comported with the Federal Rules of Civil Procedure. (ECF No. 30). Plaintiff's deadline to respond was October 20, 2021. The Court warned failure to respond could result in a recommendation that the May 11, 2021 Clerk's Entry of Default be stricken, Plaintiff's motion for default judgment be denied, and the matter be dismissed, without prejudice, for Plaintiff's failure to serve the defendant with the summons and complaint within 90 days as required by Federal Rule of Civil Procedure 4(m).

To date, Plaintiff has not responded. However, on November 23, 2021, he filed a motion for reconsideration of an earlier Court Order. (ECF No. 32). In this motion Plaintiff explained his delay in responding to the Court is because of his failure to obtain counsel to represent him and due to undergoing surgeries for cancer. The Court accepts this as good cause for his delay in responding to the Order to show cause.

Aside from the representations about his delay, Plaintiff also appears to assert the certificates of service he filed on the docket during March and May 2021 are sufficient proof of proper service of process on the defendant. (*Id.* at PageID.257). In any event, as explained in the Order to Show Cause, the certificates of service cast serious doubt as to whether the defendant has ever *properly* been served with the complaint.

In light of the good cause shown for the delay in responding to the Court's

Order, the Court will provide Plaintiff a final extension of time to explain how the methods of service undertaken by him were proper and comply with either Federal Rules of Civil Procedure 4(f)(2) or 4(f)(3) or to effect proper service of process under the federal rules on or before **January 6, 2022**.  **Failure to timely or adequately respond to this Order will result in a recommendation that the May 11, 2021 Clerk's Entry of Default be stricken, Plaintiff's motion for default judgment be denied, and the matter be dismissed, without prejudice, for Plaintiff's failure to serve the defendant with the Summons and Complaint within 90 days as required by Federal Rule of Civil Procedure 4(m).**

B.  Second Motion for Reconsideration (ECF No. 32)

The motion in which Plaintiff explained his delay in responding to the Court's Order is titled as a motion for reconsideration of the Court's September 28 and May 14, 2021 Orders.  On May 14, 2021, the Court found Plaintiff's motion for entry of default judgment moot because the Clerk of the Court entered a default on May 11, 2021.  (ECF No. 23).  On September 28, 2021, the Court denied Plaintiff's motion for reconsideration of the May 14th Order.  (ECF No. 29).  Then, as now, Plaintiff did not identify a "palpable defect" in the May 14, 2021, Order.  *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).  Indeed, Plaintiff provided no explanation or argument to explain why the Court should reconsider the Order to moot the motion for entry of default after default

had been entered. For these reasons, the motion is **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 10, 2021　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

　　I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 10, 2021, by electronic means and/or ordinary mail.

　　　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　　　(810) 341-7850