UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT ABUL HOSN,

    Plaintiff,

Case No. 20-cv-13442
Hon. Matthew F. Leitman

v.

FLY BAGHDAD AIRLINE,

    Defendant.
_____/

### REVISED[1] ORDER (1) ADOPTING REPORT AND RECOMMENDATION (ECF No. 28) AND (2) DENYING PLAINTIFF'S MOTIONS (ECF Nos. 26, 31, 36, AND 37)

In this action, Plaintiff Refaat Abul Hosn, appearing *pro se*, claims that Defendant Fly Baghdad Airline ("FBA") has failed to pay him certain due and owing sales commissions. (*See* Compl., ECF No. 1.) On May 11, 2021, Hosn filed a request for the entry of a default against FBA. (*See* Req. for Default, ECF No. 21.) The Clerk of the Court entered that default on the same day. (*See* Default, ECF No. 22.)

On May 18, 2021, Hosn filed a request for the entry of a default judgment against FBA. (*See* Req. for Default Judgment, ECF No. 24.) Hosn requested (1) $2,050,00 in sum certain damages and (2) $6,500,000 in punitive damages. (*See id.*)

---

[1] This Revised Order corrects a typographical error in the title of the Court's initial Order. (*See* Order, ECF No. 40.) The Revised Order includes no other changes.

1

The Clerk of the Court declined to enter the default judgment. (*See* Denial, ECF No. 25.) The Clerk explained its denial as follows:

> The sum certain must contain an amount that can be made certain by computation. An exhibit should be attached to the complaint that contains the sum certain entitled to the plaintiff. This can be a contract, promissory note, written agreement, payment plan, invoice, etc. Furthermore, the Clerk cannot issue a default judgment that requests punitive damages.

(*Id.*, PageID.124.)

On June 2, 2021, Hosn filed a motion for reconsideration of the Clerk's denial of his request for a default judgment.[2] (*See* Mot. for Reconsideration, ECF No. 26.) The motion was assigned to the Magistrate Judge for a Report and Recommendation (the "R&R"). (*See* Order, ECF No. 11.) On September 28, 2021, the Magistrate Judge issued an R&R in which he concluded that Hosn was not entitled to a default judgment. (*See* R&R, ECF No. 28.) He therefore recommended that the Court deny Hosn's motion for reconsideration (*See id.*) The Magistrate Judge explained his reasoning as follows:

> The information contained in the documents attached to Plaintiff's motion for reconsideration discuss Plaintiff's alleged retention by Defendant to identify and assist in the purchase of aircrafts; however none of the documents show that such purchase ever occurred and if so at what

---

[2] Hosn has also filed a separate motion for default judgment. (*See* Mot. for Default Judgment, ECF No. 27.) In that motion, Hosn again requested $2,050,000 in sum certain damages and $6,5000,000 in punitive damages. (*See id.*) That motion is currently before the Magistrate Judge. (*See* Order, ECF No. 33.)

2

price. The only document, aside from Plaintiff's amended complaint, which contains a "purchase price" appears to be a letter written by Plaintiff and addressed to Mr. Ali Al Hamdany *esq.*, CEO of Fly Baghdad. (ECF No. 26, PageID.145-46, 147-49, 175-76). Two versions of which are unsigned. (*See id.* at PageID.145-46, 175-76). Plaintiff failed to attach an invoice, title, sales contract, bill of sale or any other form of documentation displaying a confirmation of purchase or more importantly the price at which the aircrafts, if any, were purchased by Defendant. "The evidentiary support for Plaintiff's claim is simply too thin for the Court to agree that the requested amount is truly a sum certain at this time." *Iron Workers Loc. No. 25 Pension Fund v. Acro Metals, Inc*., 2007 WL 1500302, at *2 (E.D. Mich. May 23, 2007.) (striking the clerk's entry of judgment of default against defendant as the evidentiary support proffered by plaintiff was insufficient).

Further, the total relief requested by Plaintiff is not certain as a portion is based on his claim for punitive damages. (ECF No. 24, PageID.123; ECF 26, PageID.127). The amount of punitive damages Plaintiff is entitled to, if any, "is not settled, determined, or capable of calculation from the pleadings" as punitive damages may only be determined by the trier of fact. *See Tindall v. One 1973 Ford Mustang*, 2006 WL 1329168, at *4 (E.D. Mich. May 16, 2006); *see Riola v. Long Island Cycle & Marine, Inc.*, 2004 WL 5392605, at *2 (E.D.N.Y. Aug. 10, 2004) ("The determination of whether to award punitive damages lies in the discretion of the trier of fact."). Thus, the total damages sought by Plaintiff in his request was not for a sum certain. *See Tindall*, 2006 WL 1329168 at *4. Plaintiff's inclusion of a request for punitive damages created a procedural barrier which alone prohibited the clerk from granting Plaintiff's request for default judgment under Federal Rule of Civil Produce 55(b)(1).

(*Id*., PageID.237-238; internal footnote omitted).

3

At the conclusion of the R&R, the Magistrate Judge informed Hosn that if he wanted to seek review of the R&R, Hosn needed to file "specific objections" with the Court within 14 days. (*Id.*, PageID.239.)

On October 12, 2021, Hosn filed what he titled a "motion" in which he asked the Court to "reconsider" the R&R. (Mot., ECF No. 31, PageID.253.) Hosn also told the Court that he was "assigning an Attorney to follow up." (*Id.*) The "motion" contained no other content, did not identify any particular provisions of the R&R to which Hosn objected, and did not include any reasoning as to why the Court should "reconsider" the recommendation in the R&R.

The Court construes Hosn's October 12 "motion" as objections to the R&R and overrules them. As described above, Hosn has neither filed any specific objections to the R&R nor identified any particular provisions of the R&R to which he objects. And while he indicated that an attorney would "follow up" with more specific objections, no attorney has done so. Thus, Hosn's objections are insufficient as a matter of law and are overruled.[3] *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The

---

[3] The Court further notes that its decision to overrule Hosn's objections and deny his motion for reconsideration should cause little practical prejudice to Hosn. As explained in footnote one above, in addition to the motion for reconsideration, Hosn has also filed a motion for default judgment that seeks the same relief as the motion for reconsideration. And that motion remains pending before the Magistrate Judge.

4

objections must be clear enough to discern those issues that are dispositive and contentious"); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 506 (6th Cir. 1991) (holding that the "fail[ure] to file specific objections to a magistrate's recommendation […] waiv[es any] right to appeal"); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (explaining that the failure to object to an R&R releases the Court from its duty to independently review the matter).

Accordingly, for the reasons explained above:

- Hosn's objections to the R&R are **OVERRULED**. Hosn's October 12 motion (ECF 31) is therefore **DENIED**;
- The recommended disposition of the R&R (ECF No. 26) is **ADOPTED**; and
- Hosn's motion for reconsideration (ECF No. 27) is **DENIED**.[4]

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2022

---

[4] The Court further **DENIES** two additional filings that Hosn titled as "motions" and that appear related to the R&R. These "motions" can be found at docket entries 36 and 37. Neither filing is a "motion" directed at this Court. Instead, the documents appear to be filings directed to the United States Court of Appeals for the Sixth Circuit. They arise out of an appeal that Hosn filed earlier in this action related to the R&R. (*See* Notice of Appeal, ECF No. 34.) The Sixth Circuit dismissed that appeal on January 14, 2022. (*See* Sixth Cir. Order, ECF No. 39.) Because the filings are not motions directed at this Court, and because, even if they were, the motions are now moot, the Court **DENIES** the motions. (*See* ECF Nos. 36, 37.)

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2022, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126