UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT ABUL HOSN                              Case No. 20-13442

                    Plaintiff,                Matthew F. Leitman
v.                                            United States District Judge

FLY BAGHDAD AIRLINE,                          Curtis Ivy, Jr.
                                              United States Magistrate Judge

                    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 27)

Plaintiff Refaat Abul Hosn filed this case on December 23, 2020, without the assistance of counsel, against Defendant Fly Baghdad Airline for breach of contract. (ECF No. 1). This case has been referred to the undersigned for all pretrial matters. (ECF No. 11). Pending before the Court is Plaintiff's motion for default judgment against Defendant for its failure to answer the complaint. (ECF No. 27). Because the record shows Plaintiff has not properly served Defendant in accordance with the Federal Rules of Civil Procedure, the Court lacks jurisdiction to enter a default judgment. As a result, for the reasons explained below, the undersigned recommends Plaintiff's motion be denied, the entry of default be set aside, and that this case be dismissed without prejudice for failure to serve the Defendant under Fed. R. Civ. P. 4(m).

## I.    LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  Fed. R. Civ. P. 55(a).  Once the clerk has entered default, a party can move for default judgment under Rule 55(b).  Where, as here, Plaintiff's default judgment claims cannot be determined under Rule 55(b)(1), the matter must be decided under Rule 55(b)(2).  The decision to grant default judgment is within the Court's discretion.  *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927,929 (W.D. Mich. 2013) (citing among authority 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")).

However, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" by default or otherwise.  *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.").  Proper service under Rule 4 is therefore a prerequisite to entry of default or default judgment.  *O.J. Distrib., Inc.*, 340 F.3d at

353 (holding that, when service of process is not proper, "the court must set aside an entry of default").  It is Plaintiff's burden to establish that service was proper.  *See Sawyer v. Lexington-Fayette Urb. Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).  A court's failure to determine whether it has personal jurisdiction over a defendant before entering judgment by default is reversible error.  *Mucerino v. Newman*, 2017 WL 387202, at *1 (M.D. Tenn. Jan. 26, 2017) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006)).

## II.   DISCUSSION

After the Clerk denied his request for entry of judgment, Plaintiff moved for default judgment against Defendant for its failure to respond to the complaint on June 28, 2021.  (ECF No. 27).  Upon review of the motion, the Court became aware that Defendant likely had not been properly served.  On September 29, 2021, the Court ordered Plaintiff to explain how his methods of service were proper and comply with the federal rules.  In that Order, the Court explained the problems associated with the certificates of service Plaintiff filed:

> Service on a corporation, partnership, or association not within any judicial district of the United States must be effectuated in any manner prescribed by Federal Rule of Civil Procedure 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i).  Fed. R. Civ. P. 4(h)(2).  Rule 4(h) [sic] provides for the following means of service of process on foreign defendants:

3

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by

[ . . . ]

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Further, service of process on a foreign defendant must also comply with the due process requirements of the Constitution. *Jefferson*, 2015 WL 7208160 at *2. "Service satisfies due process when it provides 'notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *See id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146

(4th Cir. 2014)).

Iraq is not a signatory to the Hague Convention and thus Plaintiff was required to serve Defendant pursuant to either Rule 4(f)(2) or 4(f)(3). *U.S. ex rel., UXB Int'l, Inc.*, *v. 77 Insaat & Taahhut A.S.*, 2015 WL 4208753, at *1 (W.D. Va. July 8, 2015). In his Proof of Service and Summons and Complaint Return of Service, Plaintiff represents he served Defendant on February 28, 2021 and March 1, 2021 by United States Postal Service, and on March 15, 2021 by DHL. (ECF Nos. 13 and 14). First, the copy of the DHL label provided by Plaintiff does not contain an address; it merely contains Defendant's name, Baghdad International Airport, and an alleged phone number for Basheer Al Shabban. (ECF No. 13, PageID.94, 95; ECF No. 14, PageID.99). Further, the tracking information which shows that the package was delivered only indicates that it arrived in Baghdad and was signed by "SAJA." (*Id.* at PageID.100). Neither the tracking information printout nor the proof of service provide detail or confirmation as to whether the package was delivered to Baghdad International Airport or if SAJA was an appropriate or authorized recipient for the packet. This does not qualify as sufficient proof of service.

Next, the United States Postal Service tracking information printout provided by Plaintiff does not indicate the packet was delivered. (*Id.* at PageID.103). The last entry attached to his March 16, 2021 Summons and Complaint Return of Service only states that the "item arrived at an origin transfer airport in JOHN F. KENNEDY INTL, NEW YORK, UNITED STATES on March 11, 2021 at 11:48 pm." (*Id.*). Notably, neither the United States Postal Service mailing nor the DHL packet were prepared or conducted by the clerk as required under Rule 4(f)(3).

Plaintiff also represents that he emailed a copy of Summons and Complaint to Defendant on December 25, 2020. (ECF No. 13, PageID.93, 96). However, this form of service is not permitted as Plaintiff did not obtain an order for alternate service from the court pursuant to

5

Federal Rule of Civil Procedure 4(h) to perform service
in this manner.  The documentation provided by the
Plaintiff is insufficient to show that proper service has
been achieved in this case.  Further, the steps undertaken
by Plaintiff, as outlined above, were not reasonably
calculated to provide Defendant with notice of the instant
action under Rule 4(f).

(ECF No. 30, PageID.249-51).

In that Order to Show Cause, the Court warned failure to timely or

adequately respond would result in a recommendation that the May 11, 2021

Clerk's Entry of Default be stricken, Plaintiff's motion for default judgment be

denied, and the matter be dismissed, without prejudice, for Plaintiff's failure to

serve Defendant with the summons and Complaint within 90 days as required by

Federal Rule of Civil Procedure 4(m).  (*Id.* at PageID.252).  His response was due

October 20, 2021.  As of December 10, 2021, no response had been filed.

Although Plaintiff did not directly respond to the Order to Show Cause, he filed a

motion for reconsideration of a separate order in which he explained his delay in

responding to the Court.  (ECF No. 32).  The undersigned accepted this as good

cause to extend Plaintiff's time to respond to the Order to Show Cause to January

6, 2022.  The Court warned, again, "**Failure to timely or adequately respond to**

**this Order will result in a recommendation that the May 11, 2021 Clerk's**

**Entry of Default be stricken, Plaintiff's motion for default judgment be**

**denied, and the matter be dismissed, without prejudice, for Plaintiff's failure**

6

**to serve the defendant with the Summons and Complaint within 90 days as required by Federal Rule of Civil Procedure 4(m)**." (ECF No. 33, PageID.262) (emphasis in original).

To date, Plaintiff has not filed a response to the Order to Show Cause. The circumstances here regarding service of process have not changed since the Court's Order explaining the problem. Because the methods of service described above do not constitute proper service under any provision of Rules 4(f) and 4(h), the Court lacks personal jurisdiction over Defendant. Thus, Plaintiff's motion for default judgment should be denied and the entry of default should be set aside.

Further, as the attempts at service were not proper, Plaintiff has not served the defendant within 90 days as required by Fed. R. Civ. P. 4(m). That rule states that a complaint is subject to dismissal without prejudice if not timely served. Plaintiff was also expressly warned that failure to file a response to the Order to Show Cause establishing his methods of service were proper would lead to this recommendation. The undersigned therefore suggests that the complaint be dismissed without prejudice.

## III.   RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiff's motion for default judgment (ECF No. 27) be denied, the entry of default be set aside, the case be dismissed without prejudice under Fed. R. Civ. P. 4(m) for

7

failure to properly serve the defendant.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may

8

rule without awaiting the response.

Date: February 1, 2022                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2022, by electronic means and/or ordinary mail.

                                          s/Kristen MacKay
                                          Case Manager
                                          (810) 341-7850